UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HARRY STEVEN PETROS,

    Plaintiff,

v.

ST. FRANCIS HOSPITAL, et al.,

    Defendants.
    _____/

CASE NO. 2:17-CV-175

HON. ROBERT J. JONKER

**OPINION AND ORDER**

Plaintiff is a state prisoner. He filed this case using the Court's form for pro se civil rights actions under Section 1983, but he is not complaining about any prison condition, or about anything that happened in prison at all. Rather, he is complaining about a pre-custody accident at his place of work, and then a series of botched surgeries. The normal screening mechanisms of the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA) do no apply by their terms. 28 U.S.C. § 915A; 42 U.S.C. § 1997e(c). However, the Court still cannot proceed in the absence of subject matter jurisdiction. Moreover, the Court must still dismiss the case, if appropriate, under the normal provisions applicable to all IFP parties, prisoners or not. 28 U.S.C. § 1915(e). Here, the Court lacks subject matter jurisdiction and will dismiss the case accordingly.

**Discussion**

**I.    Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Central Michigan Correctional Facility (STF) in St. Louis, Gratiot County, Michigan. The events

about which he complains, however, occurred prior to Plaintiff's incarceration. Plaintiff sues St. Francis Hospital and Dr. Ralph B. Blasier, M.D. Plaintiff alleges that prior to his incarceration, he had a series of failed knee surgeries at St. Francis Hospital, which were performed by Defendant Blasier. As a result of these surgeries, Plaintiff continues to suffer damage to his knee, which will require additional corrective surgery. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

## II. Subject Matter Jurisdiction

Plaintiff makes no assertion of any federal basis for relief. He seems simply to have used a court form normally used by pro se litigants suing under Section 1983. Plaintiff's complaint does not invoke Section 1983, and could not because Plaintiff was not a prisoner when the cause of action arose and Plaintiff does not claim any defendant was a state actor at the time.

Plaintiff's potential claims arise solely under state law. The Court lacks subject matter jurisdiction over these claims because Plaintiff has not asserted and established diversity of citizenship. Plaintiff and Defendants are citizens of Michigan, and so the Court does not have diversity jurisdiction under 28 U.S.C. § 1332.

Because the Court does not have subject matter jurisdiction over Plaintiff's claims, his complaint will be dismissed without prejudice for lack of jurisdiction. Plaintiff may pursue his claims in state court.

## Conclusion

**ACCORDINGLY, IT IS ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a federal claim under 28 U.S.C. § 1915(e), and for lack of subject matter jurisdiction under FED. R. CIV. P. 12(b)(1). A judgment consistent with this opinion will issue.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.


Date:   April 4, 2018                /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     CHIEF UNITED STATES DISTRICT JUDGE